[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13192
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cr-60320-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK DANARD SLADE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 8, 2017)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Derrick Slade appeals his conviction for being a felon in possession of a

firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), and his resulting

sentence of 72 months' imprisonment.  On appeal, Slade argues that: (1) there was

insufficient evidence to support his conviction because the government's use of circumstantial evidence failed to prove beyond a reasonable doubt that he had constructive possession of a firearm; and (2) his 72-month, above-guideline sentence was substantively unreasonable. After careful review, we affirm.

We review de novo challenges to the sufficiency of the evidence to support a conviction, viewing the evidence and drawing all reasonable inferences in the light most favorable to the government. United States v. Baldwin, 774 F.3d 711, 721 (11th Cir. 2014). We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

First, we are unpersuaded by Slade's claim that there was insufficient evidence to support his felon-in-possession conviction. Evidence will be sufficient if a reasonable trier of fact could find that it established the defendant's guilt beyond a reasonable doubt. United States v. Beckles, 565 F.3d 832, 840 (11th Cir. 2009). Accordingly, it is not enough for a defendant to put forth a reasonable hypothesis of innocence, as the issue is not whether a jury reasonably could have acquitted, but whether it reasonably could have found the defendant guilty. United States v. Bowers, 811 F.3d 412, 424 (11th Cir.), cert. denied, 136 S. Ct. 2401 (2016). "The test for sufficiency of the evidence is identical[,] regardless of

2

whether the evidence is direct or circumstantial," but if the government relied on circumstantial evidence, "reasonable inferences, not mere speculation, must support the conviction." United States v. Mieres–Borges, 919 F.2d 652, 656–57 (11th Cir. 1990); United States v. Mendez, 528 F.3d 811, 814 (11th Cir. 2008).

Credibility questions are the province of the jury, and we will assume that the jury resolved all such questions in a manner supporting their verdict. United States v. Lebowitz, 676 F.3d 1000, 1014 (11th Cir. 2012). The evidence need not exclude every reasonable hypothesis of innocence in order for a reasonable jury to find guilt beyond a reasonable doubt. United States v. Cruz-Valdez, 773 F.2d 1541, 1545 (11th Cir. 1985) (en banc). The jury is free to choose among alternative, reasonable interpretations of the evidence. Id.

Conviction of a violation of 18 U.S.C. § 922(g)(1) requires proof of three elements: that the defendant "was a convicted felon," that the defendant "knew he was in possession of a firearm," and "that the firearm affected or was in interstate commerce." United States v. Wright, 392 F.3d 1269, 1273 (11th Cir. 2004). "The government need not prove actual possession in order to fulfill the 'knowing' requirement of § 922(g)(1). Rather, it may be shown through constructive possession." Wright, 392 F.3d at 1273. "In order to establish constructive possession, the government must produce evidence showing ownership, dominion, or control over the contraband itself . . . or the vehicle in which contraband is

3

concealed." Id. (quotation omitted). Furthermore, possession can be shown by circumstantial or direct evidence. Id.

On appeal, Slade challenges the sufficiency of the evidence concerning only one element in 18 U.S.C. § 922(g)(1) -- that he knowingly "possessed" a firearm. See id. As the record shows, however, the government presented testimony from two detectives, Colon and Goodnow, in support of this element. Specifically, the detectives both testified that Slade refused to put his hands up when commanded to do so, kept his hands hidden under a black hat, and moved his hands and the hat towards his waistband before placing the hat on the seat of the car. Goodnow also testified that Slade was sweating, breathing heavily, and tensing his arms and that Goodnow was worried that Slade was going to shoot him. After removing Slade from the car, Goodnow found a handgun under the hat that Slade had been holding.

Since credibility questions are the province of the jury, and since the jury found Slade guilty, we can assume that the jury considered Detective Colon and Detective Goodnow to be credible witnesses. And based on the detectives' testimony, it was reasonable for the jury to infer that Slade was holding the gun under the hat and that it was under his dominion or control. While there was testimony that the women in the car did not see a gun and that neither Slade's fingerprints nor his DNA were on the gun, it is not necessary to exclude all reasonable hypotheses of innocence for a jury to reasonably find guilt. Viewing all

the evidence and drawing all inferences in the light most favorable to the government, we conclude that the jury chose among alternative, reasonable interpretations of the circumstantial evidence and reasonably could have found Slade guilty of constructively possessing a firearm.  We affirm Slade's conviction.

We also are unconvinced by Slade's claim that his 72-month sentence was substantively unreasonable.  In reviewing the "'substantive reasonableness of [a] sentence imposed under an abuse-of-discretion standard,'" we consider the "'totality of the circumstances.'"  Pugh, 515 F.3d at 1190 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).  The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a).[1]  The court must consider all of the § 3553(a) factors, but it may give greater weight to some factors over others -- a decision which is within its sound discretion.  United States v. Rosales-Bruno, 789 F.3d 1249, 1254 (11th Cir. 2015).  However, a sentence may be substantively unreasonable when a court unjustifiably relies on any single § 3553(a) factor, fails to consider pertinent § 3553(a) factors, bases the sentence on impermissible factors, or selects the

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

sentence arbitrarily.  Pugh, 515 F.3d at 1191-92.  A sentence that suffers from one of these symptoms is not per se unreasonable; rather, we must examine the totality of the circumstances to determine the sentence's reasonableness.  Id. at 1192. "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented."  United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted).

If the court varied from the guideline range after weighing the § 3553(a) factors, we "may not presume that [the] sentence . . . is unreasonable and must give due deference to the district court's decision . . . ."  United States v. Irey, 612 F.3d 1160, 1187 (11th Cir. 2010) (en banc) (quotation omitted).  We will vacate a sentence only if we "are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  Id. at 1190 (quotations omitted). The party challenging the sentence bears the burden to show it is unreasonable.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

Here, Slade has not shown that the district court's sentence was substantively unreasonable.  During the sentencing hearing, the court explained that it had considered the Sentencing Guidelines and the § 3553 factors.  It also

6

said that in determining Slade's sentence, it had considered the nature and circumstances of Slade's crime, the whole of Slade's criminal history, and the potentially mitigating factors of Slade's difficult childhood.  After weighing the relevant considerations, the district court decided that the length and severity of Slade's criminal history, coupled with the fact that he had only been out of jail for six months before he committed another crime, merited an upward variance of nine months.  On this record, the district court considered all of the pertinent § 3553(a) factors, and did not abuse its discretion by giving more weight to the nature of Slade's crime and his criminal history than to some of the other factors.  Moreover, the 6-year sentence imposed by the district court is well below the 10-year statutory maximum for the offense, which is yet another indicator of reasonableness.  See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that the sentence was reasonable in part because it was well below the statutory maximum).

Under the totality of circumstances, Slade's 72-month sentence -- including the 9-month upward variance -- was not substantively unreasonable.  Accordingly, we also affirm his sentence.

**AFFIRMED**.